UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-61359-CIV-SEITZ/WHITE

ANTHONY GARLAND,

    Plaintiff,

v.

BROWARD COUNTY COURTHOUSE, et al.,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Report and Recommendation [DE 6] of the Honorable Patrick A. White, United States Magistrate Judge. Judge White recommends that Garland's Complaint [DE 1] be dismissed under 28 U.S.C. §1915(g) because Garland is a repeat *in forma pauperis* filer, having filed more than ten actions which were dismissed as frivolous, malicious, or for failure to state a claim. Indeed, the Court dismissed Garland's nearly identical complaint in *Garland v. Broward County Courthouse, et al.*, Case No. 09-61464-SEITZ (S.D. Fla. Oct. 27, 2009) on those grounds. In his objections, Garland claims that he is in "imminent danger of serious physical injury" because he has not received appropriate medical care following a knee injury and subsequent surgery, and he is subject to mental abuse.[1] (*See* DE 8 at 5-6.)

Absent imminent threat of *physical* injury, repeat filers may not proceed *in forma pauperis* in a civil action. *See Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1993). In particular circumstances, denial of medical care may constitute an imminent threat of physical injury. *See, e.g., Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (untreated HIV/hepatitis exposed prisoner to infections and syndromes which would cause him to rapidly deteriorate and die sooner); *Partin v. Harmon*, 2004 WL 2319828, *1 (8th Cir. 2004) (denial of treatment for tuberculosis, prostate cancer, and colon cancer caused sufficiently imminent threat of physical injury). Garland's knee ailments and purported mental abuse, however, do not arise to the level of an imminent threat of physical injury. *See Althouse v. Roe*, 542 F.Supp.2d 543, 574 (E.D. Tex. 2008) (Stating that, while surgery to repair prisoner's broken

---

[1] Garland's "imminent danger" objection has been rejected previously by this Court. *See Garland v. Armored Health Services, et al.*, Case No. 09-61228-COHN (S.D. Fla. Sept. 30, 2009); *Garland v. Broward Sheriff's Office, et al.*, Case No. 09-60642-GOLD (S.D. Fla. June 10, 2009); *Garland v. Broward Sheriff's Office, et al.*, Case No. 09-60007-JORDAN (S.D. Fla. Feb. 20, 2009).

collarbone may "be desirable," the failure to conduct surgery does not result in a "genuine emergency where time is pressing or an imminent harm, occurring at the time of the filing of the complaint"); *Adamson v. Collins*, 2008 WL 4525144 *5 (N.D. Fla. 2008) (denial of medical treatment for prisoner's arthritis and bursitis is insufficient to demonstrate "imminent danger"). Because Garland has not satisfied the imminent danger requirement, the Court will overrule his objections and adopt Judge White's Report. Accordingly, it is hereby

ORDERED that:

1. Judge White's Report and Recommendation [DE 6] is AFFIRMED and ADOPTED.

2. Garland's Complaint [DE 1] is DISMISSED WITHOUT PREJUDICE. Garland may move to re-open the case within ten (10) days if he pays the $350.00 filing fee in full.

3. All pending motions not ruled upon are DENIED AS MOOT.

4. This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 29th day of October, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
Counsel of Record/*Pro Se* Parties